(18 Misc. Rep. 276.)

### HUBBARD v. HUBBARD et al.

(Supreme Court, Special Term, Albany County. October, 1896.)

WILLS—CONSTRUCTION OF—WORDS.
    The words "not less," in a direction by testator that executors should sell his real estate "as soon as practicable, not less than eighteen months" after his death, must be construed to mean "within," when it is apparent, from the will as a whole, that such was testator's intention.

Action by Frances V. Hubbard, as executrix, against Samuel S. Hubbard and others, to procure a judicial construction of testator's will.

Charles F. Doyle, for plaintiff.
J. F. Crawford, for defendant Elizabeth S. Hubbard.
John E. MacLean, for defendants Samuel S. Hubbard and another.
Arthur J. Burns, for defendants Julia E. Hubbard and another.
P. D. Niver, guardian ad litem.

CHESTER, J.   It seems to me that the testator, who drew his own will, has inadvertently or carelessly used the words "not less," in the third clause of his will, instead of "not more," or "within." He directs his executors to sell all his real estate in Yonkers "as soon as practicable, not less than eighteen months" after his death. It is evident, when the entire will is considered, as well as from the language quoted, that there has been an oversight in the use of the language.   It could hardly be that, if the testator desired to have his Yonkers real estate sold "as soon as practicable," he would intentionally, in the same clause, prohibit its sale for 18 months after his death.   The phrases are contradictions of each other.   The testator, in other clauses of his will, directs that all his real estate in Cohoes shall be sold within 15 months after his death, and that the proceeds of the sale shall be applied in payment of his debts; and he directs that, in case such proceeds shall be insufficient to pay his debts in full, the executors may take from the proceeds of the sale of his Yonkers real estate a sum sufficient to pay whatever may remain unpaid of his debts after application of the proceeds of the sale of his real estate in Cohoes.   His indebtedness was about $6,000.   He had, in a prior clause of his will, bequeathed all his personal property to his son, and therefore provided for the payment of his debts out of his real estate in the manner stated.   He was a lawyer, and knew that debts should be paid and the estate settled within 18 months.   There is no devise of the Yonkers real estate to any one, but in the seventh clause of the will the testator devised the proceeds of the sale thereof to the persons therein-named, with the evident intent of carrying into effect the trust agreement of April 30, 1883, in relation to such real estate, to which he was a party. There is no express power contained in the will, to the executors or to any one, to receive the rents and profits of this real property during the 18 months.   I think it clear, from the whole context of the will and the condition of the estate, that the words "not less" were inadvertently used by the testator, instead of the word "within," and that the court should so construe it in order to give effect to the intention of the testator, which, it seems, is apparent from the will as a whole, or that the words "not less than eighteen months" should be entirely rejected, as not in harmony with the general scheme of the will.   I think that either of these constructions is justified by the authorities.   Phillips v. Davies, 92 N. Y. 200; Horton v. Cantwell, 108 N. Y. 255, 268, 15 N. E. 546, 554; Du Bois v. Ray, 35 N. Y. 162; Hall v. Thompson, 23 Hun, 334; Carter v. Bloodgood, 3 Sandf. Ch. 295.

I see no reason why effect should not be given to the consent of the parties to this action that the legacy to the testator's wife be paid from the proceeds of the sale of the Yonkers property.   This appears to be in harmony with the testator's intent.   Nor do I see any reason why the executors should not be named in the decree as trustees, as requested in such consent.

A decree may be prepared in accordance with this memorandum, and can be settled upon two days' notice to all parties, at which time the question of costs will be considered.